## R. E. Haynes v. B. M. Woods.*

### (*Nashville.*   December Term, 1924.)

1. **PLEADING. Motion to strike out is intended to rid pleadings of uncertain, irrelevant, and frivolous matter.**

   Motion to strike out is intended to rid pleadings of uncertain, irrelevant, frivolous, prolix, or double matter, in view of Shannon Code, section 4603, 4606, but is not the proper means to test sufficiency of a plea in abatement. (*Post, p.* 165.)

   Code cited and construed: Secs. 4518, 4603, 4606 (S.).

2. **VENUE. Right of trial by jury fixed venue at locality, where fact arose at common law.**

   At common law, right of trial by jury fixed venue in every action in locality where fact arose, whether in a local or transitory action. (*Post, pp.* 165-167.)

   Acts cited and construed: Acts 1777, ch. 2, sec. 9; Acts 1794, ch. 1, sec. 5; Acts 1809, ch. 126.

   Code cited and construed: Secs. 4513, 4514, 4623 (S.).

3. **VENUE. Statute held to evince a legislative purpose to localize transitory actions.**

   Shannon Code, sections 4513, 4514, and 4623, evince a legislative purpose to localize transitory actions. (*Post, p.* 167.)

4. **VENUE. Transitory action must be brought in county where parties reside.**

   If both parties reside in county, transitory action must be brought there and tried in courts convenient to litigants and witnesses, otherwise it follows defendant, and does not precede him. (*Post, p.* 167.)

5. **VENUE. Jurisdiction not acquired, if summons issued in advance of defendant's coming into county.**

Haynes v. Woods.

Court acquires no jurisdiction in transitory action, if summons is issued in advance of coming of defendant into county. (*Post, p.* 167.)

Case cited and approved: Carlisle v. Cowan, 85 Tenn., 165.

Case cited and distinguished: Childress v. Perkins, 3 Tenn., 87.

6. **VENUE.** Transitory action must be commenced against defendant while in county, and process served before his departure.

Transitory action must be commenced against transient defendant while he is actually in county, and process must be served on him before his departure. (*Post, pp.* 167, 168.)

7. **JUSTICES OF THE PEACE.** Jurisdiction in transitory action not acquired of nonresident defendant, where warrant preceded arrival in county.

Justice's court acquired no jurisdiction in transitory action, under Shannon Code, section 4518, over a nonresident defendant who was temporarily in county when warrant was issued, and who thereon returned to county of his residence, where such warrant was not served on him until he again came into county some months later. (*Post, pp.* 167, 168.)

---

*Headnotes 1. Pleading, 31 Cyc., p. 619; 2. Venue, 40 Cyc., p. 13; 3. Venue, 40 Cyc., p. 108; 4. Venue, 40 Cyc., pp. 94, 96; 5. Venue, 40 Cyc., p. 107; 6. Venue, 40 Cyc., p. 107; 7. Justices of Peace, 35 C. J., Section 136.

---

FROM WILLIAMSON.

---

Error to the Circuit Court of Williamson County.— Hon. J. C. Hobbs, Judge.

R. E. Haynes, Jr., for plaintiff.

R. H. Crockett, for defendant.

Mr. Justice Cook delivered the opinion of the Court.

Haynes v. Woods.

The plaintiff commenced a transitory action (Shannon's Code, section 4518) before a justice of the peace of Williamson county on November 16, 1921, against the defendant, a nonresident, who was passing through or temporarily in the county. The defendant returned to Marshall county where he resided, and the warrant was not served until April 22, 1922, when he came again into Williamson county, and was cited to trial upon the warrant issued November 16, 1921. Without imparlance, or a general appearance, the defendant challenged the jurisdiction of the local court by plea in abatement. The sufficiency of the plea was tested by the erroneous practice of a motion to strike out, a method intended to rid pleadings of uncertain, irrelevant, frivolous, prolix, or double matter. Shannon's Code, sections 4603, 4606.

The motion, being in writing, was treated by the trial court and the court of civil appeals as a demurrer. It was overruled, both courts holding the plea good, and the action was abated. This is assigned by plaintiff as error. It is insisted that the action, being transitory, followed the defendant into Williamson county, where he was the day the process issued, and where he was when, later, it was executed, and fixed the venue in Williamson county, and conferred jurisdiction upon the local court over the person of the defendant.

Originally, at the common law the right of trial by jury fixed the venue in every action at the locality where the fact arose, whether in a local or transitory action. Later, when a distinction was made between local and transitory actions, the rule of locality was adhered to in theory, but in transitory actions it was evaded in practice by

laying a fictitious venue. The place laid in the declaration drew to itself all issues raised by any subsequent pleading, and every subsequent issue had to be determined in the forum selected by the plaintiff along with the main issue in the case. The transitory action was said to follow the defendant wherever he went, but in practice he could be sued in a remote county and compelled to go there and defend. Rules of practice denied him what the substantive law guaranteed, and the statutes of 6 Richard II, chapter 2, and 4 Henry IV, chapter 18, were passed to remedy the evil. Bacon's Abr. Actions, etc.; Co. Litt. 125; 3 Blk. Comm., 294.

When the jurisdiction of the North Carolina colonial courts extended to counties west of Albemarle statutes were passed to regulate the venue in transitory actions. Chapter 2, section 9, Acts N. C. 1777, was a reenactment of colonial statutes which provided that a transitory action could be brought in the superior court district where both parties resided, or, if they lived in different districts, then in the district where either resided. The first Tennessee statute (chapter 1, section 5, Acts of 1794) is similar in its provisions to the North Carolina statute referred to. The statute in force regulating transitory actions at this time is chapter 126, Acts of 1809, which has been carrier into Shannon's Code as follows:

Section 4513: "In all transitory actions, the right of action follows the person of the defendant, unless otherwise provided."

Section 4514: "If the plaintiff and defendant both reside in the same county in this State, such action shall be brought in the county of their residence."

The action will be abated where it appears that both parties reside in the same county, and the suit is brought in some other county. Section 4623, Shannon's Code.

These provisions evince a legislative purpose to localize transitory actions. If both parties reside in the county the action must be brought there and tried in courts convenient to litigants and witnesses. Otherwise the action follows the defendant. It does not precede him. The court acquires no jurisdiction if the summons is issued in advance of his coming into the county. Caruthers' History of a Lawsuit (4th Ed.), 49; 40 Cyc. 107.

In *Childress* v. *Perkins,* Cooke, 87, the court said: "The action is to follow the defendant, that is, it must be brought in the county where he is at the time it is brought, and a return of service by an officer of the county where the action is brought would be evidence that he was there."

In *Carlisle* v. *Cowan,* 85 Tenn., 165, 2 S. W., 26, the court said transitory actions do not precede but follow the defendant, and that his presence in a strange jurisdiction cannot be anticipated by the commencement of a premature action, followed by service of process after his appearance. "His presence in the county, though not a resident, gives to the courts of the county in which he temporarily is jurisdiction in transitory actions. If while thus actually in the county the suit be instituted and summons served upon him, jurisdiction is given."

The last sentence quoted from the opinion of Justice LURTON in *Carlisle* v. *Cowan* laid down the rule as it is understood; that is, that the action must be commenced against the transient defendant while he is actually in

the county, and process must be served upon him before his departure. Process cannot be sued out upon observing him pass through the county, or upon hearing of his presence in the county, and lodged with an officer to be served, if perchance such defendant should come again into the county after his departure without service.

The record is without error. Writ denied.