CARROLL *v.* MATTHEWS.*

(*Nashville,* December Term, 1937.)

Opinion filed March 5, 1938.

ELVIN WOODROOF, of Nashville, for plaintiff in error.

*For similar case see Carter v. Schackne et al., 173 Tenn., —.

TRABUE, HUME & ARMISTEAD, of Nashville, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Summons was issued from the circuit court of Davidson county at the suit of R. E. Carroll, administrator, for the alleged wrongful killing of Hilary H. Carroll by the defendant, H. R. Matthews. The summons was served on the defendant, a nonresident of the state, by notice to the secretary of state under the provisions of Code, sections 8671, 8672, and 8673.

The defendant challenged the jurisdiction of the court by plea in abatement. It was averred in the plea that he is a resident of Atlanta, Ga., and the automobile accident out of which the action arose occurred in Blount county, Tenn., where the plaintiff resides. The trial judge overruled plaintiff's demurrer to defendant's plea in abatement, sustained the plea, and dismissed the suit. Code, sections 8671 to 8673, which draw nonresidents to the jurisdiction of the courts of this state to answer for injury by automobile accident, must be construed *in pari materia* with general laws regulating venue in civil actions. Code, section 8671, provides that notice to the secretary of state shall have the force and validity of personal service on the nonresident *as if he was in the jurisdiction of the state and county of action.* The statute makes the secretary of state agent for nonresidents, upon whom process may be served to bring the nonresident before the court of the *county of action.* The words italicized indicate no purpose to authorize ambulatory actions against nonresidents. The statute conveys no suggestion of an intention to let the complaining party select any one of the several counties of the state as

the situs for trial, nor does it indicate a purpose to fix the venue at the residence of the Secretary of State. ▮ Code section 8640 provides that all transitory actions follow the person of the defendant, unless otherwise provided, and section 8641 provides that if the plaintiff and defendant both reside in the same county the action shall be brought in the county of their residence. No provision of section 8671 fixes the venue in cases against nonresident defendants. So we conclude that by force of section 8671 and Code sections 8640 and 8641 the secretary of state is the agent of nonresident defendants in each of the several counties of the state, and as such agent may receive process or be served with process as if the nonresident defendant was a resident of plaintiff's county, *the county of action.* This construction is in accord with principles underlying the laws of venue. *Haynes* v. *Woods,* 151 Tenn., 163, 268 S. W., 632; *Cartmell* v. *Mechanics' Insurance Company,* 167 Tenn., 498, 71 S. W. (2d), 688, and *McClearen* v. *United States Fidelity & Guaranty Company,* 168 Tenn., 268, 77 S. W. (2d), 451.

Affirmed.