CARTER *v.* SCHACKNE *et al.*\*

(*Nashville,* December Term, 1937.)

Opinion filed April 2, 1938.

\*See Arrowood v. McMinn County, p. 562, infra.

CORNELIUS, McKINNEY & GILBERT, of Nashville, for appellant.

WALTER STOKES and L. M. DAVIS, both of Nashville, for appellee Schackne.

GOODPASTURE & CARPENTER, of Nashville, for appellees McMahan and Ferrell.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The question presented for determination is one of venue. Plaintiff instituted this suit to recover damages

for the alleged wrongful killing of his intestate, Flossie Carter, in an automobile accident which occurred in Davidson county, Tenn. Plaintiff is a resident of Davidson county. Summons was issued to the sheriff of Davidson county and returned not to be found in his county as to all of the defendants. Defendants Schackne and Quinn are residents of the State of Ohio, while defendants McMahan and Ferrell are residents of Sumner county, Tenn. Summons was served on the nonresident defendants by notice to the Secretary of State of Tennessee, under the provisions of sections 8671, 8672, and 8673 of the Code. Counterpart summons was issued to the sheriff of Sumner county and returned duly served upon defendants McMahan and Ferrell.

The nonresidents made appearance in the case by filing pleas of the general issue.

The resident defendants, McMahan and Ferrell, filed a plea in abatement to the declaration, as follows:

"That this is a transitory action, and that they and each of them are citizens and residents of Sumner County, Tennessee, and so resided and were actually in said County at the time the summons was sued out in this cause, and so resided and were actually in said County at the time said summons was served upon them by counterpart from Davidson County; and that said summons was not issued against or served upon any person, firm or corporation residing in or having its domicile in Davidson County, Tennessee, but was served upon the Secretary of State. The suit could have been legally instituted against these defendants in Sumner County, Tennessee, and valid service of process had upon the Secretary of State as to the nonresident defendants.

"And that the process was issued and the suit insti-

tuted in Davidson County for the sole purpose of bringing these defendants and each of them out of the jurisdiction of their residence into a nonresident jurisdiction.''

Plaintiff demurred to the plea. The trial court overruled the demurrer, sustained the plea, and dismissed the suit. Plaintiff has appealed to this court and assigned errors.

The sole question made by the assignments of error is whether or not the circuit court of Davidson county acquired jurisdiction of the Sumner county defendants, under the facts stated above.

Section 8671 of the Code is as follows:

''Any owner, chauffeur or operator of any motor vehicle that is not licensed under the laws of this state who shall make use of the privilege, hereby extended to nonresidents of the state, to operate such vehicle on highway or highways within the state, shall be deemed thereby to constitute the secretary of state of this state his agent for acceptance of service of process in any civil action brought by a resident of this state against him, arising out of any accident or injury occurring in this state in which such vehicle is involved. Such use of a highway shall be treated as an agreement on the part of said person that such service of process shall have the force and validity of personal service on him within the jurisdiction of this state and county of action.''

Sections 8672 and 8673 provide the method of service upon such nonresidents and for proof thereof.

█ Code, sections 8640 and 8641, which govern venue in transitory actions generally, and which are to be construed *in pari materia* with sections 8671-8673, read as follows:

''In all transitory actions, the right of action follows

the person of the defendant, unless otherwise expressly provided.''

''If the plaintiff and defendant both reside in the same county, such action shall be brought in the county of their residence.''

■ The theory of plaintiff was that the Secretary of State, as agent of the nonresident defendants for the service of process, under section 8671 of the Code, resided in and was served in Davidson county, and hence it was proper to issue counterpart summons to Sumner county for the defendants residing in that county.

Under section 8671 *et seq.*, process to be served upon the Secretary of State may be issued by any court of competent jurisdiction in the state, in any action brought by a resident of this state, arising out of an accident or injury occurring in this state in which the vehicle of a nonresident of the state is involved. However, the statute indicates no purpose to fix the venue at the residence of the Secretary of State. The statute, Code, section 8671, makes the Secretary of State the agent of the nonresident in any county of the state in which the action is otherwise properly brought.

■ But, while the physical location, or residence, of the Secretary of State has no determinative venue value under the statute, consistently with the holding in *Carroll, Administrator,* v. *Matthews,* 172 Tenn., 590, 113 S. W. (2d), 742, Davidson County, decided on a former day of this term, opinion by Mr. Justice Cook, we are of opinion that in these transitory actions the nonresident defendant is, for venue purposes, to be treated as a resident of that county in which the plaintiff resides; and it follows that, when the plaintiff brings his suit against the nonresident in the county in which the plaintiff re-

sides, the statute, Code, section 8641, reading, "If the plaintiff and the defendant both reside in the same county, such action shall be brought in the county of their residence," governs. This county, in which the plaintiff physically resides and the defendant, also, for venue purposes resides by virtue of the statute, then becomes the "county of action," as to which the "agreement" on the part of the nonresident under Code, section 8671, applies. And this conforms, also, to Code, section 8640, which provides that "the right of action follows the person of the defendant," since this nonresident is, for the purpose of service, in any county where the action is otherwise authorized to be brought.

In this view, Davidson was the county of action in the instant case and the Sumner county defendants were subject to suit in Davidson. This construction is also consistent with the holding in Cartmell v. Mechanics' Ins. Co., 167 Tenn., 498, 71 S. W. (2d), 688, 689, in which the court said: "The unrevoked power of attorney constituted the commissioner of insurance the defendant's agent in the several counties of the state, and localized the trial at the residence of complainant in Madison county." And, also, this construction reserves to the injured party the right to prosecute his action against a tort-feasor in the county of his residence, where commonly the cause of action arises.

It results that the plea in abatement was erroneously sustained, and the judgment is reversed and the case remanded.