ARROWOOD *v.* MCMINN COUNTY *et al.*\*

(*Knoxville*, September Term, 1938.)

Opinion filed November 25, 1938.

---

\*This case reprinted and annotated at 119 A. L. R. 855.

H. M. GREGORY and RALPH W. DUGGAN, both of Athens, for plaintiff in error.

JONES & DAVIS and TOM J. TAYLOR, all of Athens, for defendants in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is a suit to recover damages for the wrongful killing of Jack Arrowood, six year old son of the Administratrix and C. W. Arrowood, who was struck and killed on the Lee Highway the afternoon of August 11, 1936, by an automobile driven by Reon Baldwin, a non-resident of this State. The lad was a pupil of the Riceville school and had just alighted from a school bus, operated by Clifford Miller, under contract with the McMinn Board of Education, at a point opposite his home, and was crossing the highway from the bus to his home.

Mrs. Arrowood qualified as Administratrix January 29, 1937, and first sued only Clifford Miller and the Board of Education, charging negligence in caring for the safety of this child they had undertaken to transport. January 31, 1938, more than a year after the Administratrix qualified, summons was issued for the non-resident, Reon Baldwin, and Harry M. Baldwin, a companion in the car, also a non-resident, who were not until then made defendants, and this summons was duly served on them February 9th, 1938, through the Secretary of State, pursuant to Code, Sections 8670, 8671, applicable to non-resident drivers of vehicles on highways in this State.

Immediately after the death of the lad, the parents settled with the Baldwins, accepting $50 in cash and a $200 note secured by chattel mortgage on the car they had been driving. However, the Administratrix set up that she was not bound thereby, that the consideration was inadequate, both because it was too small in total, and because the note had not been paid, also that it had been made under misrepresentations and circumstances showing fraud.

By proper pleadings the Baldwins relied on the Statute of Limitations of one year, Code Section 8595, limiting actions for personal injuries; and Miller and the County on the settlement made with their alleged joint *tort feasors.*

As to the defense of the Baldwins, the Administratrix invoked Code, Section 8581, tolling the Statute of Limitations while a defendant is absent from or resides out of the State. And it was denied for Miller and the County that an administratrix could set aside a settlement made by the father and mother, the beneficiaries of the deceased child.

The trial Court sustained the defense of the Statute of Limitations as to the Baldwins and held that the Administratrix could not raise the question of the validity of the settlement, and dismissed the suit. The Administratrix has appealed in error. We find no error in the judgment of the trial Court.

1. We are advised of no decision of this Court passing specifically upon the effect of Code, Section 8671 *et seq.*, upon the running of the Statute of Limitations of one year, as suspended during non-residence by Code, Section 8581, but this Court has repeatedly announced a principle which clearly applies to the instant case.

 It is obvious that under Code, Section 8671 *et seq.*, providing for service on non-resident operators on highways in this State through the Secretary of State, suit could have been commenced and service had at any time within the limitation of one year. The absence or non-residence of the defendants in no way obstructed or prevented suit against or service upon them. The applicable principle laid down by our decisions is that when the remedy of the suitor is complete and unaffected by the absence of the defendant, when his non-residence does not affect the right to sue, Code, Section 8581 (Act of 1865) providing that "the time of his absence or residence out of the state shall not be taken as any part of the time limited for the commencement of the action" is without application.

Our leading case appears to be *Taylor* v. *McGill*, 74 Tenn. (6 Lea), 294. Discussing what is now Code, Section 8581, it is said that this Act was passed immediately after the Civil War, to meet the facts resulting from a disturbed state of society; that it provides for two cases, one where, when the cause of action accrued

the person liable was out of the State, the other, where the absence or non-residence is after accrual of the right of action. The opinion proceeds:

"What is not within the purpose or meaning, nor within the mischief to be remedied by a statute, cannot be held included in the law, even though literally the language might include it. We take this to be a sound principle of exposition axiomatic, or almost so in our law."

And again,

"The clear purpose and purview of the statute is, that where the party is prevented from having his legal remedy by non-residence of defendant when his right of action accrues, or by like absence or non-residence commencing after the right accrues, that this absence or non-residence, for the time it exists, shall not be held to constitute a bar to the right of action possessed by the party thus prevented from enforcing it by inability to have personal service of process on the party against whom it existed."

And again,

"The principle we decide is, that where the party had his remedy complete and unaffected by the absence of the administrators or defendant, then such absence has not affected his right to sue, and is therefore not within the purpose of the Act of 1865, preventing the lapse of time effectuating the bar of the statute during the absence of a party to be sued."

In *Turcott* v. *Railroad Co.,* 101 Tenn., 102, 45 S. W., 1067, 40 L. R. A., 768, 70 Am. St. Rep., 661, the Court follows *Taylor* v. *McGill, supra,* and holds that the Statute of Limitations of one year in personal injury cases, runs in favor of a non-resident corporation, where service could have been had at any time; the Court says:

"The exception made in this statute does not apply to a natural person unless his absence from the state is such as to prevent service of process." Page 105, 45 S. W., page 1068.

Again, the Court says:

"Absence from the state and residence out of the state, in the sense of the statute, means such absence and such non-residence as renders it impracticable at all times to obtain service of process; . . ."

And in *Green* v. *Snyder,* 114 Tenn., 100, 84 S. W., 808, this Court follows *Turcott* v. *Railroad Co., supra,* and holds that the one year Statute of Limitations in personal injury cases, is applicable to a non-resident defendant on whom process could have been served at any time.

So it has been held that Code, Section 8581 does not apply to a suit to set aside a deed for fraud, because complainant could obtain full relief by publication in lieu of personal service. *Boro* v. *Hidell,* 122 Tenn., 80, 120 S. W., 961, 135 Am. St. Rep., 857.

And the statute is not suspended as to a nonresident executor or administrator, who is treated as a resident of this State. *Mann* v. *Smith,* 158 Tenn., 463, 467, 14 S. W. (2d), 722.

In the recently decided cases of *Carroll* v. *Matthews,* 172 Tenn., 590, 113 S. W. (2d), 742, and *Carter* v. *Schackne,* 173 Tenn., 44, 114 S. W. (2d), 787, this Court had occasion to consider Code, Section 8671 *et seq.,* as bearing upon the question of venue. In the *Carroll Case* it was said that, "Code, section 8671, provides that notice to the Secretary of State shall have the force and validity of personal service on the non-resident as if he was *in the jurisdiction of the state and county of action."* And in the *Carter Case* the following language was used, clearly implying that non-resident *tort feasor* is under

this statute given the *status* of a resident of the County of action [page 48]:

"Consistently with the holding in *Carroll, Administrator,* v. *Matthews,* 172 Tenn., 590, 113 S. W. (2d), 742, Davidson County, decided on a former day of this term, opinion by MR. JUSTICE COOK, we are of opinion that in these transitory actions the nonresident defendant is, for venue purposes, to be treated as a resident of that county in which the plaintiff resides; and it follows that, when the plaintiff brings his suit against the nonresident in the county in which the plaintiff resides, the statute, Code, section 8641, reading, 'If the plaintiff and the defendant both reside in the same county, such action shall be brought in the county of their residence,' governs. This county, in which the plaintiff physically resides and the defendant, also, for venue purposes resides by virtue of the statute, then becomes the 'county of action,' as to which the 'agreement' on the part of the nonresident under Code, section 8671, applies. And this conforms, also, to Code, section 8640, which provides that 'the right of action follows the person of the defendant,' since this nonresident is, for the purpose of service, in any county where the action is otherwise authorized to be brought."

■ Since the defendants in the instant case were, under these holdings, residents of the County of McMinn, for purposes of suit, it results that plaintiffs were not in position to rely on Section 8581 which tolls the Statute of Limitations while the defendant is residing out of the State.

■ 2. Also, the action of the trial Court in sustaining the plea of Miller and the County challenging the right of the Administratrix to set aside the settlement

made by the parents of the child with certain of the *tort feasors*, appears to be well supported by our decisions.

In *Prater, Adm'r*, v. *Marble Co.*, 105 Tenn., 496, 499, 58 S. W., 1068, the plaintiff was the surviving widow of a husband who died of injuries received while in the employ of defendant; the widow compromised her right of action with the Company, and thereafter qualified as administratrix of her husband's estate, and brought suit for damages. The defendant pled the settlement with the widow. The plaintiff administratrix attempted to reply to the plea of settlement. This Court held that the administrator cannot be heard to say that a settlement made by the widow was procured by undue measures; that the widow herself, in her own proper person and by proper proceedings might question the settlement she made, but "This is matter which, we think, can be set up by the widow alone, or in conjunction with the administrator, and not by the administrator alone." [Page 360.]

The question of the right of an administrator to set aside a settlement made by the beneficiaries of a deceased, and the denial of such right, is again dealt with in *Spitzer* v. *Knoxville Iron Company*, 133 Tenn., 217, 222, 180 S. W., 163, in which this Court said [page 222]:

"As to the special form in which the administrator sought to avoid the compromise made by the widow, it suffices to say that the point is fully covered by the case of *Prater* v. *Marble Co., supra,* in which it was held that an attack upon the widow's compromise on the ground of fraud practiced on her in procuring it could be made only by the widow; that the administrator, subsequently suing, could not make such attack."

Some insistence is made on the brief for appellant to the effect that because the note executed by the Baldwins has not been paid, the accord and satisfaction

is not complete, but this is not the rule in Tennessee. Nor is the insistence sustained by *Memphis* v. *Brown,* 87 U. S. (20 Wall.), 289, 22 L. Ed., 264, cited by plaintiff in error. In *Memphis* v. *Brown,* the Court points out that the agreement relied upon as an accord and satisfaction was purely executory, that the consideration was wholly executory and never performed, and the whole instrument was conditioned upon such performance, thus clearly distinguishing that case. And whatever may be the rule elsewhere, it is settled in Tennessee that if the plaintiff accepts a note for a sum to be paid at a future day, such note is satisfaction, and sustains a plea of accord and satisfaction, even though the note is not paid.

█ *Brown* v. *Kencheloe,* 43 Tenn. (3 Cold.), 192, is one of the leading authorities on the point that the discharge of one of two or more joint *tort feasors,* discharges all. In the course of its opinion, the Court says:

"In trespass against five, if the plaintiff accepts notes from two for a sum to be paid at a future day, in satisfaction as to them, but not to operate as a satisfaction as to the other defendants, it is good as to all."

The same principle is thus stated in the headnote to *Foster* v. *Collins,* 53 Tenn. (6 Heisk.), 1:

"To render the plea of accord and satisfaction available it is not necessary to show that the amount agreed to be paid has in fact been paid."

In that case, as in this, it was insisted that a party relying upon a settlement must show that a note given in the settlement had been paid. The Court rejected the position in the following language:

"This is contrary to the rule laid down in *Brown* v. *Kencheloe,* 43 Tenn. (3 Cold.), [192], 199, and is not the law."

It results that the judgment must be affirmed.