THOMAS *v.* ALTSHELER *et al.*

OLIVER *v.* ALTSHELER *et al.*
(two cases)

(*Nashville,* December Term, 1950.)

Opinion filed January 31, 1951.

KENNETH HARWELL and WILLIAMS, CUMMINGS & WEST, all of Nashville, for plaintiffs in error.

MANIER, CROUCH, MANIER & WHITE, of Nashville, for defendants in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

These are companion cases which involve the identical question for decision of this Court, and, therefore, the parties have agreed that the cases may be treated together and one opinion rendered applicable to the three cases.

The question presented for determination in these cases is one of venue. The plaintiffs, citizens and residents of the State of Florida, while using the roads of this State in Grundy County, had a collision with the defendants, citizens and residents of the State of Kentucky, for which each of the plantiffs in error instituted suit in the Circuit Court of Davidson County, Tennessee. The summons in each case was served on the defendants, nonresidents of the State, by notice to the Secretary of State under the provisions of Code, Sections 8671 as amended, 8672, and 8673.

The defendants challenged the jurisdiction of the Court by plea in abatement in each suit. It was averred in the plea that the meaning of the phrase, ''county of action'' in Section 8671 of the Code, is the County in

which said accident or collision occurred, in this instance Grundy County, Tennessee, when both the plaintiff and the defendant are nonresidents. The respective plaintiffs demurred to the pleas in abatement of the respective defendants, on the ground that they had a right as nonresidents, under Code, Section 8671 as amended, to bring such suits in Davidson County or any other County that the plaintiffs chose to select.

The trial court overruled the demurrers and sustained the pleas in abatement in each suit holding that said suits should be brought in the County where the collision occurred.

In *Carroll* v. *Matthews,* 172 Tenn. 590, 113 S. W. (2d) 742, this Court held that the provisions of the Statute, Code, Section 8671, which drew nonresidents to the jurisdiction of the courts of this State to answer for an injury in an automobile accident must be construed in *pari materia* with general laws regulating venue in civil actions to wit: Code Sections 8640 and 8641.

This Court said in that case, *Carroll* v. *Matthews,* supra:

"The statute conveys no suggestion of an intention to let the complaining party select any one of the several counties of the state as the situs for trial, nor does it indicate a purpose to fix the venue at the residence of the Secretary of State."

The facts of that case, *Carroll* v. *Matthews,* supra, were that the plaintiff, a resident of Blount County, Tennessee, had an automobile accident in Blount County with a resident and citizen of Georgia and had instituted suit against the Georgia resident in Davidson County, Tennessee, by service of process on the Secretary of State. The effect, therefore, of the holding and the quotation

last above given is that the suit brought by the plaintiff of Blount County, Tennessee, against a nonresident, brought in Davidson County must be dismissed and that the cause of action should be brought in the County in which the plaintiff lived.

"The physical location, or residence, of the Secretary of State has no determinative venue value under the statute," (Section 8671) for "in these transitory actions the nonresident defendant is, for venue purposes, to be treated as a resident of that county in which the plaintiff resides". *Carter* v. *Schackne,* 173 Tenn. 44, 114 S. W. (2d) 787, 788.

Under Code, Section 8671 as amended, a nonresident agrees that the Secretary of State is his agent for the acceptance of service of process in a civil suit by "any person" against him rising out of an accident in this State in which the vehicle he was driving on the roads of the State was involved and that the service on the Secretary of State shall be treated and have the force and validity of personal service. This Court in *Carter* v. *Schackne,* supra, held that when we construe Code Sections 8641 and 8640 in *pari materia* with Code, Section 8671, that the "county of action" as to which this agreement applies is the County "where the action is otherwise authorized to be brought." Under the two Code sections considered with this nonresident section, that is, Code Sections 8640 and 8641, these actions may be brought where the defendant is found or if both the plaintiff and the defendant live in the same County the action must be brought in the County where they reside. In all the cases that have been before this Court heretofore the party plaintiff was a resident of this State. Insofar as we know or have been able to ascertain, a nonresident

has never heretofore brought an action under this non-resident provision, probably because the amendment allowing nonresidents to bring such an action was only made in 1949. This reference in the Statute, Section 8671 ''county of action'' is the only reference in the Statute that attempts to fix the venue of the action in these cases. The only statutes fixing the venue for this kind of a civil action are those above mentioned, Code, Sections 8640 and 8641, which apply to resident plaintiffs and to defendants where they are found. In these two sections the venue is fixed when service of process may be had on the defendant and when both parties reside in the same County. There is no statutory authorization fixing venue for a cause of action when brought by a nonresident plaintiff.

■ ''Originally, at the common law the right of trial by jury fixed the venue in every action at the locality where the fact arose, whether in a local or a transitory action.'' *Haynes* v. *Woods,* 151 Tenn. 163, 268 S. W. 632.

Immediately following this quotation this Court speaking through the late MR. JUSTICE COOK, very ably shows how this common law rule grew into our present statutes, Code, Sections 8640 and 8641. He then says:

''These provisions evince a legislative purpose to localize transitory actions. If both parties reside in the county the action must be brought there and tried in courts convenient to litigants and witnesses. Otherwise the action follows the defendant.''

■ It would, therefore, seem that since we have no statutory enactment specifying where venue is to be had in these civil actions by nonresident plaintiffs that

venue and service must be that permitted by the common law or in the County where the accident happened. The nonresident statute, Section 8671 et seq. did not enlarge this provision.

This Court, as heretofore said, has held in *Carroll* v. *Matthews,* supra, that a resident of this State must bring his action in compliance with either Code, Section 8640 or 8641 and that he could not go to another County wherein these two Code Sections did not apply and bring his action. Such action thus brought would be abated. This being true, why should a nonresident plaintiff have more privileges in this State than a resident plaintiff? To create a different rule, for nonresident plaintiffs might give rise to a very serious constitutional question. The construction here given imposes no greater hardship on nonresident plaintiffs than residents and promotes uniformity of service.

This seems to us to be a reasonable rule. In the first place all the witnesses, those to the terrain, the roads and to the accident, outside of the actual parties involved in the litigation, can more readily be obtained in the County in which the accident happened. This, too, seems somewhat back of the principle that the Legislature had in mind when they enacted Code, Section 8641 requiring the suit to be brought in the County where both parties lived. Of course in Code, Section 8640 the plaintiff had the right to sue in the County in which he found the defendant. It certainly would seem rather unreasonable and would be making quite a hardship on witnesses and those not parties to the litigation who might be required under the theory of the plaintiffs herein to go from one extreme end of the State to the other. Our own residents and

citizens have not such a right, why should nonresidents be given any greater right?

For the reasons herein expressed the judgment of the trial court is affirmed.

All concur.