Evelyn L. Bellar, Plaintiff-In-Error,

*v.*

National Motor Fleets, Inc., Burton Manufacturing Co., and Barry M. Jackson, Defendants-In-Error.

450 S.W.2d 312.

(*Nashville,* December Term, 1969.)

Opinion filed January 16, 1970.

JAY C. EVANS, Nashville, for plaintiff in error.

H. T. FINLEY, Nashville, for defendants in error, PARKER, ROBINSON, & NICHOL, Nashville, of counsel.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

Plaintiff-in-error Evelyn L. Bellar sued National Motor Fleets, Inc., Burton Manufacturing Company and Barry M. Jackson, for damages for injuries allegedly sustained in an automobile accident in Davidson County. Plaintiff got service of process on Burton Manufacturing Company and Barry M. Jackson through the secretary of state of Tennessee, under T.C.A. sec. 20-224. On the plea of Burton Manufacturing Company and Barry M. Jackson, the defendants before the Court, the suit was abated on the ground the venue of the action was in the county where the plaintiff resided, Robertson County, Tennessee. The trial court was evidently of opinion the question of venue was foreclosed against plaintiff Bellar by *Carroll v. Matthews,* 172 Tenn. 590, 113 S.W.2d 742 (March 5, 1938); *Carter v. Schackne,* 173 Tenn. 44, 114 S.W.2d 787

(April 2, 1938), and *Thomas v. Altsheler,* 191 Tenn. 640, 235 S.W.2d 806 (January 1951), and we agree.

■ Plaintiff Bellar contends these opinions are not controlling. That the facts in her case are different, so the opinions are dictum. She argues that the common law rule, that the right of trial by jury fixed the venue in every action at the locality where the fact arose, whether in a local or a transitory action, should prevail. *Haynes v. Woods,* 151 Tenn. 163, 268 S.W. 632 (December 1924).

In *Carroll v. Matthews,* supra, a suit on an automobile tort in Blount County against a nonresident, where service of process had been gotten through the secretary of state under this statute, was abated in the trial court because the secretary of state resided in Davidson County, Tennessee, and venue was in that county. On appeal, noting plaintiff resided in Blount County, this Court construed the statute and held: ''So we conclude that by force of section 8671 and Code sections 8640 and 8641 the secretary of state is the agent of nonresident defendants in each of the several counties of the state, and as such agent may receive process or be served with process as if the nonresident defendant was a resident of plaintiff's county, the *county of action.''*

As we read this opinion the Court said that the ''county of action'' is the county of plaintiff's residence. This appears not only from the language of the opinion, but from the fact no consideration was given to the allegation the accident occurred in Blount County.

The statute was next considered in *Carter v. Schackne,* supra. In that case plaintiff, a resident of Davidson County, sued in Davidson County for the alleged wrongful killing of his intestate there. Service of process was

gotten on nonresidents Schackne and Quinn through the secretary of state of Tennessee under this statute. Mc-Mahan and Ferrell, residents of Sumner County, were served with counterpart summons in that county. On McMahan's and Ferrell's plea the suit was abated by the trial court, on the ground the venue of the suit was Sumner County where these defendants resided. On appeal this ruling was reversed. The statute was again construed in an opinion in the course of which it was said: "* * * we are of opinion that in these transitory actions the nonresident defendant is, for venue purposes, to be treated as a resident of that county in which the plaintiff resides; and it follows that, when the plaintiff brings his suit against the nonresident in the county in which the plaintiff resides, the statute, Code, sec. 8641, reading, 'If the plaintiff and the defendant both reside in the same county, such action shall be brought in the county of their residence,' governs. This county, in which the plaintiff physically resides and the defendant, also, for venue purposes resides by virtue of the statute, then becomes the 'county of action,' as to which the 'agreement' on the part of the resident under Code, sec. 8671, applies." The opinion goes on to say "In this view, Davidson was the county of action in the instant case and the Sumner County defendants were subject to suit in Davidson."

This statute was again before this Court in *Thomas v. Altsheler, et al*, supra, where the question was as to the venue of an action brought by nonresidents of the State of Tennessee against nonresidents of this state. It was held that there was no statute fixing venue in such a case, so that venue was fixed by the common law rule in the county where the accident occurred. *Haynes v. Woods*, supra. In this opinion, however, the construction placed

on the statute by *Carroll* and *Carter* was reviewed without criticism.

Contrary to plaintiff-in-error's insistence, the rulings in *Carroll v. Matthews,* and *Carter v. Schackne* are not dictum. Dictum is an opinion expressed by a court upon some question of law which is not necessary to the decision of the case before it. Bouvier's Law Dictionary; *Stanten v. State,* 191 Tenn. 157, 232 S.W.2d 18. In Black's Law Dictionary, 2d Ed., the following definition is found:

> "The word is generally used as an abbreviated form of obiter dictum, 'a remark by the way;' that is, an observation or remark made by a judge in pronouncing an opinion upon a cause, concerning some rule, principle, or application of law, or the solution of a question suggested by the case at bar, but not necessarily involved in the case or essential to its determination; any statement of the law enunciated by the court merely by way of illustration, argument, analogy, or suggestion."

Another definition given by Black is one taken from *Rohrbach v. Germania Fire Insurance Co.,* 62 N.Y. 47, 58, 20 Am.Rep. 451.

> "Dicta are opinions of a judge which do not embody the resolution or determination of the court, and made without argument, or full consideration of the point, are not the professed deliberate determinations of the judge himself. Obiter dicta are such opinions uttered by the way, not upon the point or question, pending, as if turning aside for the time from the main topic of the case to collateral subjects."

It is clear that under these definitions the rulings in *Carroll* and *Carter* are not dictum in the present case. The rulings involved the construction of the statutory

wording, "county of action", and the opinion of the Court was that these words meant the county in which the plaintiff resided. On principle and reason it might very well be postulated that a case construing the particular words of a statute could hardly ever be dictum in a later case involving the same statute language.

■■ Since for more than thirty years the words of the statute, "county of action", has been construed as fixing venue in the county where plaintiff resides, and the legislature has not seen fit to amend the statute to provide otherwise, actually avoiding such a change in the enactment of a later venue statute, T.C.A. sec. 20-224, stare decisis requires that the assignments of error be overruled and the judgment of the trial court affirmed.

DYER, CHIEF JUSTICE, CRESON and McCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.