IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 18, 2017 Session

## STATE OF TENNESSEE v. CHARLOTTE LYNN FRAZIER AND ANDREA PARKS

**Appeal from the Circuit Court for Dickson County**
**No. 22CC-2016-CR-59I3  Robert E. Burch, Judge Sitting by Designation**

————————————————

**No. M2016-02134-CCA-R9-CD**

————————————————

The Defendants, Charlotte Lynn Frazier and Andrea Parks, along with ninety-five other co-defendants, were charged through a presentment with conspiracy to manufacture, sell, or deliver 300 grams or more of methamphetamine with at least one defendant having committed an overt act within 1,000 feet of a school, park, library, recreation center, or child care facility.  The Defendants each filed a motion to suppress evidence seized during the execution of search warrants at their homes.  The Defendants alleged that the magistrate, a circuit court judge, lacked the authority to issue the search warrants because the Defendants' homes were located outside the magistrate's judicial district.  The trial court granted the Defendants' motions.  The State sought and was granted permission to appeal in both cases pursuant to Tennessee Rule of Appellate Procedure 9, and this court consolidated the appeals.  We hold that the magistrate did not have the authority to issue search warrants for property located outside his judicial district and that, as a result, the searches of the Defendants' homes were unconstitutional.  Accordingly, we affirm the trial court's orders granting the Defendants' motions to suppress and remand the cause to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgments of the Circuit Court Affirmed; Case Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; W. Ray Crouch, Jr., District Attorney General; and David Wyatt, Assistant District Attorney General, for the appellant, State of Tennessee.

Leonard G. Belmares, II, Charlotte, Tennessee, for the appellee, Charlotte Lynn Frazier.

Tammy L. Hassell, Charlotte, Tennessee, for the appellee, Andrea Parks.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

In September 2014, the United States Drug Enforcement Agency (DEA), the Kentucky State Police, the Twenty-Third Judicial District Drug Task Force, the Nineteenth Judicial District Drug Task Force, and the Clarksville Police Department began a joint investigation into the trafficking of methamphetamine in Dickson and Montgomery Counties. During the course of the investigation, a circuit court judge with the Twenty-Third Judicial District issued warrants authorizing the interception of electronic communications.

Based on information obtained during the investigation, Agent Kyle Chessor of the Twenty-Third Judicial District Drug Task Force applied for search warrants for the Defendants' homes in October 2015. Ms. Parks's home was located in Robertson County, and Ms. Frazier's home was located in Montgomery County. Robertson and Montgomery Counties are located in the Nineteenth Judicial District. *See* T.C.A. § 16-5-506(19)(A)(i). The magistrate, the circuit court judge from the Twenty-Third Judicial District who had issued the warrants authorizing the interception of electronic communication, also issued the search warrants authorizing the searches of the Defendants' homes.

The search of Ms. Parks's home yielded 17.9 ounces of methamphetamine, twenty grams of marijuana, and drug paraphernalia. During the search of Ms. Frazier's home, officers recovered approximately one kilogram of crystal methamphetamine, approximately one hundred ecstasy pills, two sheets of LSD, two ounces of marijuana, drug paraphernalia, assorted rounds of ammunition, and $112,031 in cash. The officers also searched a vehicle parked at the residence that belonged to co-defendant Matthew Smith and recovered eight ounces of crystal methamphetamine, $38,838 in cash, a loaded Glock handgun, and a Remington twelve gauge shotgun.

Both of the Defendants filed a motion to suppress evidence seized during the search of their respective homes. The Defendants contended that the search warrants were invalid because the magistrate was not authorized to issue search warrants for property located outside of his judicial district and that, therefore, the searches violated the Fourth Amendment of the United States Constitution and Article I, section 7 of the Tennessee Constitution.

During the hearings on the Defendants' separate motions, the parties did not submit any proof but argued their respective positions. The Defendants argued that the magistrate was not authorized to issue the search warrants since the property to be searched was located outside of his judicial district, while the State argued that the magistrate had such authority. The State noted that the wiretaps that led to the search warrants originated in the Twenty-Third Judicial District in Dickson County and maintained that the circuit court judge "being aware of the facts of the particular case, all the work that had been going on, in particular with the wiretap warrants and the required ten-day reports, that because this case was being investigated here, the State's position is that [the circuit court judge] did, in fact, have authority to issue a search warrant for the property."

The trial court granted the Defendants' motions to suppress. The trial court found that the search warrants were void because the magistrate was not authorized to issue search warrants for property located outside of his jurisdiction.

Thereafter, the State filed motions in the trial court requesting permission to seek an interlocutory appeal in this court pursuant to Tennessee Rule of Appellate Procedure 9. The trial court granted the State's motion. This court subsequently granted the State's application for permission to appeal and consolidated the appeals.

**ANALYSIS**

The State contends that the trial court erred in granting the Defendants' motions to suppress. The State argues that Tennessee Code Annotated section 40-1-106 designates circuit court judges as "magistrates" with authority to issue search warrants for property located anywhere in the State of Tennessee. The State also argues that any error in the circuit court judge's issuance of the search warrants is non-constitutional error and that, as a result, suppression is not required. Finally, the State argues that the evidence seized during the searches of the Defendants' homes is admissible under the good faith exception to the exclusionary rule or under the Exclusionary Rule Reform Act in Tennessee Code Annotated section 40-6-108. The Defendants respond that the circuit court judge did not have the authority to issue a search warrant for property located outside the territorial boundaries of his judicial district. According to the Defendants, the search warrants were *void ab initio*, and the searches of their homes violated the Fourth Amendment to the United States Constitution and Article I, section 7 of the Tennessee Constitution.

A trial court's factual findings made during a motion to suppress are presumptively correct on appeal unless the evidence preponderates against them. *State v. Saylor*, 117 S.W.3d 239, 244 (Tenn. 2003). Determinations of witness credibility and the

resolution of conflicts in the evidence are left to the trial court. *State v. Riels*, 216 S.W.3d 737, 753 (Tenn. 2007). The prevailing party is entitled to the strongest legitimate view of the evidence and to all reasonable inferences drawn from the evidence. *State v. Day*, 263 S.W.3d 891, 900 (Tenn. 2008). A trial court's conclusions of law are reviewed de novo. *State v. Sawyer*, 156 S.W.3d 531, 533 (Tenn. 2005). Likewise, a trial court's application of law to the facts is reviewed de novo. *State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001).

## A. Validity of the Search Warrants

"Under the Fourth Amendment to the United States Constitution and Article I, section 7 of the Tennessee Constitution, search warrants may not be issued unless a neutral and detached magistrate determines that probable cause exists for their issuance." *State v. Tuttle*, 515 S.W.3d 282, 299 (Tenn. 2017) (citing *Illinois v. Gates*, 462 U.S. 213, 240 (1983); *State v. Henning*, 975 S.W.2d 290, 294 (Tenn. 1998); *State v. Jacumin*, 778 S.W.2d 430, 431 (Tenn. 1989)) (footnotes omitted).[1] Likewise, Tennessee statutes require that a search warrant be issued by a magistrate. *See* T.C.A. §§ 40-6-101, 40-6-105.

A magistrate historically has been defined in a broad sense as "'a public civil officer, possessing such power—legislative, executive, or judicial—as the government appointing him may ordain.'" *Shadwick v. City of Tampa*, 407 U.S. 345, 349 (1972) (quoting *Compton v. Alabama*, 214 U.S. 1, 7 (1909)). The United States Supreme Court has recognized that "[s]tates are entitled to some flexibility and leeway in their designation of magistrates, so long as all are neutral and detached and capable of the probable-cause determination required of them." *Id.* at 354. "The qualifications of a magistrate are therefore inextricably intertwined with state law." *United States v. Master*, 614 F.3d 236, 240 (6th Cir. 2010).

Tennessee Rule of Criminal Procedure 41(a) provides that a search warrant may be issued by "[a] magistrate with jurisdiction in the county where the property is sought." Rule 41(a), however, does not define who constitutes a magistrate or the extent of a magistrate's jurisdiction.

Tennessee Code Annotated section 40-1-106 provides:

> The judges of the supreme, appellate, chancery, circuit, general sessions
> and juvenile courts throughout the state, judicial commissioners and county

---

[1] Our supreme court has recognized that Article I, section 7 "is identical in intent and purpose with the Fourth Amendment." *State v. Reynolds*, 504 S.W.3d 283, 303 (Tenn. 2016) (quotations omitted).

mayors in those officer's respective counties, and the presiding officer of any municipal or city court within the limit of their respective corporations, are magistrates within the meaning of this title.

Included in Title 40 is Tennessee Code Annotated section 40-6-105, which requires that a search warrant be issued by a magistrate. The State maintains section 40-1-106 designates circuit court judges as "magistrates" with authority to issue search warrants for property located anywhere in the State of Tennessee. The Defendants argue that section 40-1-106 only enumerates those judicial officers who are authorized to act as magistrates and does not expand the officers' jurisdictions or grant the officers additional authority beyond their established jurisdictions.

"The paramount rule of statutory construction is to ascertain and give effect to legislative intent without broadening the statute beyond its intended scope." *Baker v. State*, 417 S.W.3d 428, 433 (Tenn. 2013) (citing *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009)). This court must "'begin with the words that the General Assembly has chosen' and 'give these words their natural and ordinary meaning.'" *Id.* (quoting *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010)). "When statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would extend the meaning of the language and, in that instance, we enforce the language without reference to the broader statutory intent, legislative history, or other sources." *Carter*, 279 S.W.3d at 564.

An ambiguity in a statute exists where "'the parties derive different interpretations from the statutory language.'" *State v. Howard*, 504 S.W.3d 260, 270 (Tenn. 2016) (quoting *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995)). The Tennessee Supreme Court has explained that

> "[t]his proposition does not mean that an ambiguity exists merely because the parties proffer different interpretations of a statute. A party cannot create an ambiguity by presenting nonsensical or clearly erroneous interpretation of a statute. Here, because we determine that the interpretations of the Act articulated by the petitioner and the State are both reasonable, an ambiguity exists."

*Id*. at 271 (quoting *Powers v. State*, 343 S.W.3d 36, 50 n.20 (Tenn. 2011)). Under such circumstances, courts may look beyond the text of the statute to determine its meaning. *Id.* at 270-71 (citations omitted).

The interpretations of Tennessee Code Annotated section 40-1-106 articulated by the State and the Defendants are both reasonable based upon the language of the statute.

Accordingly, an ambiguity exists. Because the statute is ambiguous, we look to the legislative history of the statute and to the statutory scheme to determine whether the statute grants a circuit court judge the authority to issue a search warrant for property located anywhere in the state.

The statute that is now Tennessee Code Annotated section 40-1-106 has been in place in some form since 1858. In 1932, the statute read in part:

> "The judges of the supreme, chancery, circuit, and criminal courts throughout the state, judges of the county courts, and justices of the peace in their respective counties, … are magistrates within the meaning of this and the following titles, and may require persons to give security for good behavior, and to keep the peace in the manner provided in this chapter."

*Hancock v. Davidson County*, 171 Tenn. 420, 104 S.W.2d 824, 826 (Tenn. 1937) (quoting 1932 Code, § 11428). As early as 1932, the statute classified "the judges of the supreme, chancery, circuit, and criminal courts throughout the state" as magistrates. The State argues that the statutory phrases "throughout the state" and "in their respective counties" are meant to indicate the jurisdiction of various types of magistrates. The Defendants counter that the statute merely defines magistrates and is not intended to confer jurisdiction. We note that the fact that "judges of the county courts" contains no phrase that could arguably be read as jurisdictional supports the Defendants' position. If the Legislature had enacted the statute to confer jurisdiction, it would presumably have indicated the jurisdiction of each type of magistrate.

Throughout the years, the statute has been amended to include the judges from the appellate, general sessions, and juvenile courts "throughout the state" as magistrates, and judges from criminal courts has been deleted from the statute. An examination of the legislative history behind these amendments may shed light on whether the legislature intended for the phrase "throughout the state" to confer the authority to issue search warrants for property located outside of each judge's respective jurisdiction.

The 1932 statute was not amended again until 1973, when it was renumbered to Tennessee Code Annotated section 40-114. *See* 1973 Tenn. Pub. Acts ch. 48, § 1. As amended, section 40-114 provided:

> **"Officials" defined as magistrates.**—The judges of the Supreme, chancery, circuit and criminal courts throughout the state, judges of the county courts, and justices of the peace in their respective counties, the mayor or chief officer and the recorder of any incorporated city or town, within the limits of their respective corporations, and the presiding officer

of any municipal or city court within the limit of their respective corporations are magistrates within the meaning of this title.

T.C.A. § 40-114 (1975). In 1978, the statute was amended to include "judicial commissioner" after "throughout the state." *See* 1978 Tenn. Pub. Acts ch. 933, § 2. Like "judges of the county courts," "judicial commissioner" was not modified by any language such as "throughout the state" or "in their respective counties" that, based on the State's position, could be viewed as relating to a magistrate's jurisdiction. *See* T.C.A. § 40-114 (Supp. 1979).

In 1979, the Legislature amended Tennessee Code Annotated to delete references to "justice of the peace" throughout the Code and to replace the language with "court of general sessions" or "judge of the court of general sessions." *See* 1979 Tenn. Pub. Acts ch. 68, § 3. The Legislature granted the Tennessee Code Commission the authority to "reword such provisions to conform to the appropriate reference and sentence structure and to make such grammatical changes necessary to effect such word changes without any change of substantive law." *Id.*

Following the changes by the Tennessee Code Commission, the statute, which was subsequently renumbered to section 40-1-106, provided:

> **Officials defined as magistrates.**—The judges of the Supreme, appellate, chancery, circuit and general sessions courts throughout the state, judicial commissioners and county executives in their respective counties, the mayor or chief officer and the recorder of any incorporated city or town, within the limits of their respective corporations, and the presiding officer of any municipal or city court within the limit of their respective corporations are magistrates within the meaning of this title.

T.C.A. § 40-1-106 (1982). Under this amended statute, the term "general sessions courts" was not simply substituted for "justices of the peace." Rather, the statute included multiple substantive changes. For example, appellate court judges and general sessions judges were added to the list of judges "throughout the state" who are magistrates, and criminal court judges were removed from the statute. While the additions and deletions change the substance of the statute, there are no public acts listed under the credits to Tennessee Code Annotated section 40-1-106 that correspond to these alterations. Accordingly, we find nothing in the legislative history suggesting that the inclusion of general sessions judges "throughout the state" as magistrates evidenced an intent by the legislature to expand a general sessions judge's authority to issue search warrants for property located anywhere in the state and, thus, does not support the State's argument that those judges listed as magistrates "throughout the state" confers

- 7 -

jurisdiction of those magistrates to issues search warrants for property located anywhere in the state.

We note that this court has previously identified a codification error in section 40-1-106. *See State v. David Ford*, No. M2007-00431-CCA-R3-CD, 2008 WL 1968824, at \*4 (Tenn. Crim. App. May 7, 2008). In 1993, the legislature amended section 40-1-106 to delete the language "the mayor of chief officer and the recorder of any incorporated city or town, within the limits of their respective corporations." 1993 Tenn. Pub. Acts ch. 115, § 3. In addition to removing this language, the Tennessee Code Commission also removed the language "and the presiding officer of any municipal or city court within the limits of their respective corporations." *See David Ford*, 2008 WL 1968824, at \*4. This court noted that "[w]hen there is a conflict in the codification process, the Public Act as originally passed controls." *Id.* (citation omitted). The statute was later corrected. *See* T.C.A. § 40-1-106 (2012).

In 1993, the legislature also amended section 40-1-106 to insert "juvenile courts" between "general sessions" and "throughout the state" so that judges of juvenile courts "throughout the state" were classified as magistrates. *See* 1993 Tenn. Pub. Acts ch. 241, § 55. In amending the statute, there was no discussion regarding whether the amendment would grant juvenile court judges the authority to issue search warrants for property located anywhere in the state. Rather, the House/Senate Calendar Summary of 1993 Tennessee Public Act chapter 241 provides that "[t]his bill would make a juvenile court judge a magistrate which would allow such judge to perform all duties that a magistrate is presently authorized to perform in Tennessee." Such language supports the Defendants' assertion that section 40-1-106 only defines those officials who are classified as magistrates and does not address the jurisdiction of those magistrates.

We conclude that based on the legislative history of 40-1-106, the legislators intended that the statute only define those officials who are magistrates and not the extent of the magistrate's jurisdictional authority to issue search warrants. When the Legislature has intended to limit or expand a magistrate or other official's jurisdictional authority to issue a warrant, it has specifically stated so. *See, e.g.*, T.C.A. §§ 40-6-213 (providing that a magistrate issuing an arrest warrant "may empower any law enforcement officer to execute the warrant anywhere in the state"); 40-6-304(a) (requiring that an application for an order authorizing the interception of a wire, oral, or electronic communication be made "to a judge of competent jurisdiction in the district where the interception of a wire, oral or electronic communication is to occur, or in any district where jurisdiction exists to prosecute the underlying offense to support an intercept order").

The State's interpretation of section 40-1-106 would expand the jurisdiction of circuit, chancery, general sessions, and juvenile courts by allowing them to issue search

warrants to be executed on property located anywhere in the state. Such an interpretation would encourage state agencies to forum shop and seek search warrants from sympathetic judges who would otherwise have no jurisdiction over any claims involving the person, property, or location to be searched. For example, a general sessions judge in Shelby County would have the authority to issue a search warrant for a business in Franklin, Tennessee. A circuit court judge in Cocke County would have the authority to issue a search warrant for a residence in Chester County. We find no evidence the Legislature intended such a result.

We recognize that section 40-1-106 includes language that could be construed as addressing the jurisdiction in which a magistrate is authorized to perform his or her duties. However, upon reviewing the legislative history of section 40-1-106, the language of other statutes addressing a magistrate's jurisdiction, and public policy, we conclude that section 40-1-106 merely defines which officials are magistrates and does not address a magistrate's jurisdiction to issue a search warrant.

The State relies upon a Tennessee Attorney General's opinion from 1985 to support its argument that pursuant to section 40-1-106, judges of the circuit, chancery, general sessions, and juvenile courts have the authority to issue search warrants for property located anywhere in the state. *See* Tenn. Op. Atty. Gen. No. 85-057 (1985). The opinion, however, does not cite to any authority other than the language of the statute itself. *See id.* We hold that section 40-1-106 does not support such a conclusion and find the Tennessee Attorney General's opinion from 1985 to be unpersuasive.

Because the statutes governing the duties of magistrates do not address a magistrate's jurisdictional authority to issue search warrants for property, we must look to the general statutes setting forth the jurisdiction of those judges who have been designated magistrates under section 40-1-106. Tennessee Code Annotated section 16-2-506 lists the judicial district under in which each circuit court judge serves. There is no dispute that the magistrate, a circuit court judge for the Twenty-Third Judicial District, issued search warrants for property located outside his judicial district. *See* T.C.A. § 16-2-506(23)(A) (listing the counties under which fall under the Twenty-Third Judicial District).

This court previously has recognized that a trial court did not have the authority to issue a search warrant authorizing a blood draw of a defendant who was incarcerated outside the trial court's judicial district. *State v. Allen Prentice Blye*, No. E2001-01227-CCA-R3-CD, 2002 WL 31086314, at *5 (Tenn. Crim. App. Sept. 16, 2002), *affirmed on other grounds by State v. Blye*, 130 S.W.3d 776 (Tenn. 2004). The State maintains that this court's holding in *Allen Prentice Blye* should be disregarded as dicta. Dicta are portions of opinions "expressed by a court upon some question of law which is not

necessary to the decision of the case before it." *Bellar v. Nat'l Motor Fleets, Inc.*, 450 S.W.2d 312, 313-14 (Tenn. 1970). We note that this court's discussion in *Allen Prentice Blye* related to the defendant's argument that the State's actions in seeking a search warrant from a judge other than the trial judge was improper once the trial judge denied the State's initial motion. *See Allen Prentice Blye*, 2002 WL 31086314, at *5. However, even if this court's holding in *Allen Prentice Blye* constitutes dicta, we conclude that the opinion is persuasive and supports our conclusion in this case that the magistrate was not authorized to issue a search warrant for property located outside his judicial district.

Under certain circumstances, a circuit court judge is authorized to act outside his or her judicial district. Tennessee Code Annotated section 17-1-203 provides that "[t]he judges and chancellors are … judges and chancellors for the state at large, and as such, may, upon interchange or upon other lawful ground, exercise the duties of office in any other judicial district in the state." Tennessee Code Annotated section 16-2-502 provides in part that "[a]ny judge or chancellor may exercise by interchange, appointment, or designation the jurisdiction of any trial court other than that to which the judge or chancellor was elected or appointed." The parties agree that the magistrate was not sitting by interchange when he issued the search warrants. Furthermore, no evidence was introduced to establish that the magistrate was sitting by appointment or designation when he issued the search warrants. Finally, the State does not allege any "other lawful ground" which authorized the magistrate to exercise his duties in another judicial district. *See* T.C.A. § 17-1-203. Accordingly, we conclude that the magistrate did not have the authority to issue the search warrants for the Defendants' homes.

## B. Remedy

The State maintains that even if the magistrate was not authorized to issue the search warrants, the error was non-constitutional in nature. The State asserts that the magistrate's issuance of the search warrant, at most, violated Tennessee Rule of Criminal Procedure 41(a) and that the violation does not require suppression of the evidence seized during the executions of the search warrants. The Defendants respond that the issuance of the search warrants by a magistrate who is not authorized to do so renders the search warrants *void ab initio* and that as a result, the searches violated the Fourth Amendment to the United States Constitution and Article I, section 7 of the Tennessee Constitution. The Defendants maintain that as a result, the appropriate remedy is suppression of the evidence seized during the execution of the search warrants.

The United States Supreme Court has recognized that under the Fourth Amendment, the magistrate who issues a search warrant must meet two tests: (1) the magistrate must be neutral and detached, and (2) the magistrate "must be capable of determining whether probable cause exists for the requested … search." *Shadwick*, 407

U.S. at 350. We agree with the State that there has been no evidence presented that the magistrate who issued the search warrants was not neutral and detached. Nevertheless, we must determine whether a magistrate's lack of authority to issue a search warrant renders the search warrant constitutionally invalid.

In deciding the issue, we must examine the original meaning of the Fourth Amendment, including what "traditional protections against unreasonable searches and seizures" were afforded "by the common law at the time of the framing." *Atwater v. City of Lago Vista*, 532 U.S. 318, 326 (2001) (quotation omitted); *see United States v. Krueger*, 809 F.3d 1109, 1123 (10th Cir. 2015) (Gorsuch, J., concurring). "[T]he Fourth Amendment embraces the protections against unreasonable searches and seizures that existed at common law at the time of its adoption, and the Amendment must be read as 'provid[ing] *at a minimum*' those same protections today." *Krueger*, 809 F.3d at 1123 (Gorsuch, J., concurring) (quoting *United States v. Jones*, 565 U.S. 400, 411 (2012)).

Under the common law at the time of the framing of the Fourth Amendment, a search warrant for property located beyond the magistrate's territorial jurisdiction was treated as *ultra vires* and *void ab initio* or "null and void without regard to potential questions of 'harmlessness.'" *Id.* "The principle animating the common law at the time of the Fourth Amendment's framing was clear: a warrant may travel only so far as the power of its issuing official." *Id.* at 1124.

Moreover, the United States Supreme Court has recognized that for warrants to be valid, they must derive from "'magistrates empowered to issue'" them. S*ee Krueger*, 809 F.3d at 1124 (Gorsuch, J., concurring) (quoting *United States v. Lefkowitz*, 285 U.S. 452, 464 (1932)). Accordingly, "'when a warrant is signed by someone who lacks the legal authority necessary to issue search warrants, the warrant is *void ab initio*'" and does not qualify as a valid warrant for Fourth Amendment purposes. *Master*, 614 F.3d at 239 (quoting *United States v. Scott*, 260 F.3d 512, 515 (6th Cir. 2001)); *see, e.g., Krueger*, 809 F.3d at 1124 and n.5 (Gorsuch, J. concurring) (citing cases).

The magistrate, a circuit court judge, in the present case did not have the authority to issue the search warrants for the Defendants' homes located outside of his district. Therefore, the search warrants are *void ab initio*, and the searches of the Defendants' homes are unconstitutional.

## C. Good Faith Doctrine

The State maintains that the evidence resulting from the search is nevertheless admissible pursuant to the Exclusionary Reform Act in Tennessee Code Annotated section 40-6-108 and the good faith exception recognized in *State v. Davidson*, 509

S.W.3d 156 (Tenn. 2016). Although *Davidson* was not decided until after the suppression hearing, section 40-6-108 was enacted in 2011, several years prior to the searches of the Defendants' homes and the suppression hearing. The State, however, failed to raise the application of 40-6-108 or the good faith exception in general in the trial court and failed to present any evidence at the suppression hearing to support its claim. Regardless, the State is not entitled to relief.

Section 40-6-108 does not apply to evidence seized in violation of the United States Constitution or Tennessee Constitution. T.C.A. § 40-6-108(a). In *Davidson*, the Tennessee Supreme Court adopted

> a good-faith exception for the admission of evidence when a law enforcement officer has reasonably and in good faith conducted a search within the scope of a warrant the officer believes to be valid, but is later determined to be invalid solely because of a good-faith failure to comply with the affidavit requirement of Tennessee Code Annotated section 40-6-103 and -104 and Tennessee Rule of Criminal Procedure 41(c)(1).

509 S.W.3d at 185-86. In the present case, we have concluded that the execution of the search warrant was unconstitutional. Because our holding is based on a violation of the United States and Tennessee Constitutions, section 40-6-108 and *Davidson* do not apply.

## CONCLUSION

We affirm the judgments of the trial court granting the Defendants' motions to suppress and remand the case to the trial court for further proceedings consistent with this opinion.

_____
JOHN EVERETT WILLIAMS, JUDGE