Brown *et al. v.* Brown *et al.*

(*Knoxville,* September Term, 1948.)

Opinion filed December 11, 1948.

LEWIS S. POPE, of Nashville, for appellants.

CARLYLE S. LITTLETON, of Chattanooga, for appellees.

MR. JUSTICE BURNETT delivered the opinion of the Court.

■ The validity of chapter 606 of the Private Acts of 1947 is attacked in this case on the ground that the act contains two subjects in violation of Section 17, of Article 2, of the Constitution.

The Caption of the act is:

"A Bill to be entitled: An Act to provide a County Board of Education and a County Superintendent of Education for Bledsoe County; to provide for the election of the County Superintendent and the members of the County Board of Education by the Quarterly County Court of Bledsoe County; to fix the term of office of such officers, their qualifications, duties and compensation."

The body of the act provides for a County Board of Education and a County Superintendent of Education for Bledsoe County, and for the election of these officials by the Quarterly County Court and fixes their term of office. Otherwise it is provided that the general laws are applicable.

It is very ably argued that the act, both in its caption and body, "clearly contains two separate and distinct subjects" in the law, and therefore the act is in contravention of the section of the Constitution above mentioned.

We cannot agree with this theory and contention.

■ "The two-subject clause of the constitution was intended to prevent a combination in the same act of laws *upon wholly different subjects;* to avoid the union

of incongruous matters in one statute; to secure unity of purpose in legislative enactments." (Citing cases.) *Bell v. Hart,* 143 Tenn. 587, 223 S. W. 996. (Emphasis ours.)

In *Davis* v. *Hailey,* 143 Tenn. 247, 252, 227 S. W. 1021, 1022, the late Chief Justice GREEN who delivered the opinion for the court in the case last above quoted from, said:

"So far as section 17, article 2, is concerned, if the various provisions of an act are directed toward a common purpose, and that purpose is expressed in the title, it would make no difference if the several provisions of the act involved all powers of the Legislature. This section of the Constitution regulates the syntax of the statutes. It imposes no restriction upon the powers exerted, nor upon the commingling of such powers, so long as the provisions of the statute are not incongruous and are germane to the subject expressed in the caption."

The one purpose of Chapter 606 is public education for Bledsoe County, as the words "public education" are used in their broadest sense. The accomplishment of such single purpose necessarily requires that these officials be elected by the people or by the county court. Both sets of officials constitute a component part of our general educational system as set forth under Title 7, Chapter 2, Article 4 of the Code of Tennessee.

"Plurality of the title is not an objection when the several plural provisions deal with, and by necessary construction are not, constituent parts of one subject." *Kizer* v. *State,* 140 Tenn. 582, 589, 205 S. W. 423, 425. In the instant case the one subject is public education. The two purposes indicated relate to different parts of that one subject . . . public education. In the *Kizer Case, supra,* the point we are attempting to make is thus aptly stated:

"The unity of the subject is to be looked for in the ultimate object of the statute; it cannot with reason be held that each step towards the accomplishment of an end or object should be embodied in a separate act, and so long as the steps are of the same general nature and legitimately parts of one system end, or object, the act is constitutional."

In reaching the above conclusion we have done so mindful that the Legislature is presumed to have passed a Constitutional act not an invalid act. We have also had in mind the rule that we must give the act in its entirety a liberal, not a strained, construction, and, that laws, good and bad, are subject to the same test. *Cannon* v. *Mathes,* 55 Tenn. 504, 519.

We are of the opinion that the decree of the Chancellor sustaining this act as valid was correct, and it will be affirmed.

All concur.