STEVENS *v.* LINTON.

*(Nashville,* December Term, 1949.)

Opinion filed April 29, 1950.

352

PRICE, BARKSDALE & PRICE, of Nashville, JONES & WALLACE, GATES & GATES, all of Lewisburg, for plaintiff in error.

MANIER, CROUCH, MANIER and WHITE, RICHARD MAR-SHALL and D. F. BLACKMOND, all of Nashville, for defendant in error W. D. Thalman.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The sole question for our determination in this cause is whether or not the original defendant and cross plaintiff in an automobile damage suit can make a third party a defendant by his cross action when said third party is not a suing plaintiff, by counterpart summons.

Stevens, a resident of Williamson County, Tennessee, filed his suit in the Circuit Court of Marshall County, Tennessee, against Sam Linton, Administrator etc., for damages growing out of an automobile accident. Linton in turn filed a plea of the general issue and a counter declaration against the original plaintiff, W. D. Stevens, also joining as a defendant, one W. G. Thalman, of Davidson County, Tennessee, and sought to have a counterpart summons in the form of the declaration which he had filed, sent to Davidson County and served on Thalman there. Thalman, in turn, filed pleas in abatement to which Stevens demurred. The trial judge overruled the demurrer and sustained Thalman's plea in abatement.

Our counterpart declaration statutes are embraced in Code, Sections 8745-8749, inclusive. Code, Section 8745 provides in substance that "where the defendant claims a cause of action, against the suing plaintiffs, or any of them, growing out of the same act, accident or transaction (such, for example, as collision of vehicles), the defendant may", sue the plaintiff by filing a cross declaration within a certain given time. Code, Section 8747, provides in substance that duplicate certified copies or such cross declaration shall be prepared by the clerk and given to the sheriff who shall serve the same on the plaintiff by giving him a copy and "returning and indorsing the fact of service on the other, in the nature of process"; or by the acceptance of service by the plaintiff's attorney, etc.

In addition to the excellent briefs and the arguments that we have heard herein, we have made a rather extensive investigation of comparative legislation on the subject of our counterclaim statute. We find upon investigation that the various States that have similar or

354

comparable legislation, that none of these statutes, so far as we can find, are on all fours with our statute. The phraseology and the provisions in these statutes are entirely different and, therefore, we are confined in our determination of the matter to our statute and a proper interpretation of it. In other words, we can find no authority on the subject other than persuasive authorities on the general proposition involved.

The plaintiff in error makes a very strong argument to the effect that in our construction of this counter declaration statute, 8745 et seq., we should construe it *in pari materia* with Code, Section 8640 et seq., providing for venue and transitory actions and with 8653 of the Code providing for counterpart process. That if we so construe these sections *in pari materia* the service of process herein on the defendant in error, Thalman, is regular, legal and valid and sufficient to confer jurisdiction on the Circuit Court of Marshall County, Tennessee, over said W. C. Thalman in this case.

The rule of interpretation, *in pari materia*, is that if divers statutes relate to the same thing, they are all to be taken into consideration in construing any one of them. It must be remembered though that this rule *"in pari materia"* is applicable only when the terms of a statute to be construed are ambiguous or its significance is doubtful, and the rule is not to be applied to effect a construction contrary to the clearly manifest intent of the legislature.

Prior to the enactment of our counterclaim statute, Sections 8745-8749 we had no such right in this State, that is, to file a counter-declaration in a tort action and bring in or assert an action against the defendant or other parties therein. Obviously, therefore, it is necessary to

look to this statute and the terms of it to determine what rights the parties have in filing a cross declaration or cross action in the suit. In the first place it is noted that the only right given by the statute to file a counter declaration is for the defendant to sue the "suing plaintiff". The statute nowhere mentions that they may sue the suing plaintiff or any other parties involved.. It very clearly provides that he can only sue "the suing plaintiffs, or any of them". It thus seems to us that the legislature has plainly and clearly limited this cross action to "the suing plaintiffs, or any of them". The language "or any of them" clearly refers to the plaintiffs and the plaintiffs alone and does not under any stretch of interpretation or imagination bring in other parties unless they are plaintiffs to the original action. Section 8747 of the Code provides that the cross declaration may be served "by delivering to the plaintiff one copy" which is "in the nature of process". This seems to us further evidence of the fact that the intention of the legislature was just what it says, that the cross declaration might be filed only against "suing plaintiffs, or any of them". Since this seems so entirely plain to us we can see no reason at all to apply the rule of construction of *in pari materia* and construe this statute with the venue and counterpart summons statute above referred to. Here there is no ambiguity in what the legislature meant when it enacted this statute. Since we had no right to take such an action prior to the passage of the statute, Sections 8745-8749, we can see no reason why we have the right to hold that a third party, not "a suing plaintiff", may be brought in to defend the action, even though the suit is based on the identical facts out of which the original action grew.

356

█ The very forceful argument is made that it was the intention of the legislature to let all parties come into the lawsuit, where the facts of their differences grew out of the same accident, and litigate their claims in one lawsuit, so as to prevent a circuity of action or having different lawsuits in different Counties and places over the State. This is purely a matter for the legislature to control and if the legislature desires that these things may be done it is a very easy matter to amend the cross declaration statute by adding the few words thereto. The legislature not having seen fit to do so, we think that we have no right to so interpret the statute and order this done, in a law cause.

This Court in *Nunn* v. *Walker,* 186 Tenn. 685, 212 S. W. (2d) 665, 667, said of the statute in question:

"This practice (counter declaration) was unknown to the common law and was, in fact, authorized for the first time by the Code of 1932. If the original Defendant undertakes to avail himself of this right and to follow this procedure, he must do so in strict conformity with the statute."

This Court in *Cotton* v. *Frazier et al.,* 170 Tenn. 301, 95 S. W. (2d) 45, 48, referred to these counter declaration statutes. What was said, referring to Code, Sections 8745-8749, in that suit was *obiter dicta* but it is particularly applicable to the present situation. This Court speaking through Chambliss, Justice, in the *Cotton* v. *Frazier, supra,* said:

"Reference is made on the briefs to the statutory provision for cross-actions in suits brought by nonresidents against residents where the action grows out of collisions, but these statutes are expressly limited to counterclaims pleaded in the original pending suit, and this

limitation precludes, under a familiar rule, the extension of the right to an independent suit and process issued thereunder. Code, Sections 8745-8749. The Legislature having dealt with the subject and provided for service on a nonresident in the jurisdiction as a suitor in such a case, the implication is apparent that the exception from the exemption is to be thus limited.'' And, ''Our immunity statute provides for no such exception, and, on the contrary, our provisions for cross-actions in this class of cases are so limited as to exclude the instant case.''

We cite and quote the above to show that the court was of the opinion that the actions brought under these statutes, Sections 8745-8749, were limited by the terms of the statutes and should not and could not be extended beyond those terms.

The case of *Carter* v. *Schackne,* 173 Tenn. 44, 114 S. W. (2d) 787, is relied on by the plaintiff in error as authority for their position that we should consider these statutes *in pari materia.* With all due respect to counsel, we are of the opinion that this case is not in point on the question here raised. In *Carter* v. *Schackne, supra,* the Court held that the plaintiff might bring his suit in the County in which he lived and since it was being filed against nonresidents of the State that the place for service of process on the Secretary of State, who was the proper person to be served for nonresidents, was Davidson County, and happened to be in the County in which suit was brought, and that then counter process might be sent to Sumner County and served on the defendants there and those defendants, of Sumner County, brought into Davidson County and there made to defend the suit.

The nonresident statute that was involved in this case, Code, Section 8671, did not make rules for a new and previously unknown procedure and did not limit the methods by which the original plaintiff could be brought before the court as a cross defendant as does Code, Sections 8745-8747.

Code, Section 8747 does not provide for an original summons or an original process of any kind against the suing plaintiff, and expressly holds that the service of a certified copy of the cross declaration on the suing plaintiff shall be treated "in the nature of process."

Code, Section 8653, applying to counterpart summons, provides that where there are two or more defendants in any suit the plaintiff may cause a counterpart summons to be issued to any County where any of the defendants are likely to be found, etc.

The plaintiff in error likewise relied upon the case of *Ryan* v. *Amedeo,* 216 Iowa 752, 249 N. W. 656, 657, as applicable to the question involved in the instant case. We have before us this case and think that it is not applicable here. The reason we say this is that the statute of Iowa is entirely different from our statute. Section 11155 of the Code of 1927 of Iowa provided—"When a defendant has a cause of action affecting the subject matter of the action against a codefendant, or a person not a party to the action, he may, in the same action, file a cross-petition against the codefendant or other person." etc. The Court noted in the course of its opinion that: "It will be noted that this section does not confine a defendant to filing a cross-petition against a codefendant. He has a right to file such cross-petition against a person not a party to the action, provided the cause of action in which such cross-petition is filed affects

the subject-matter of the action in which he is defendant." The obvious conclusion from the statement quoted is that they are confined to the limits of the statute authorizing such an action. The Iowa statute authorized the party to sue "a person not a party to the action".

The case of *Tennessee Central Railroad* v. *Vanhoy,* 143 Tenn. 312, 226 S. W. 225, is likewise relied on by the plaintiff in error. This suit does not involve the counter declaration statute of this State, but is simply a suit against two defendants where proper service was had on one of the defendants in the County in which the suit was brought and a counterpart served on a defendant in another County under Code, Section 8653 above referred to. We do not think that this case is applicable here.

We have given this matter an unusual amount of thought and investigation and are constrained to hold that the judgment of the trial judge is correct for the reasons above stated. The judgment will therefore be affirmed at the cost of the plaintiffs in error.

All concur.