STATE OF TENNESSEE ex rel. THOMAS R. UNDERWOOD,
Relator,

*v.*

DR. OLIN L. ADAMS, JR., et al.

473 S.W.2d 188

(*Knoxville,* September Term, 1971.)

Opinion filed November 15, 1971.

554

ROBERT L. CROSSLEY, Knoxville, for appellants.

WARREN R. WEBSTER, Knoxville, for appellee.

Mr. Justice McCanless, delivered the opinion of the Court.

Thomas R. Underwood, Supervisor of Elementary Education in the Knoxville School System, brought a mandamus suit against the Superintendent of Schools and the members of the Board of Education of Knoxville. The Chancellor granted him relief and on appeal the Court of Appeals reversed the Chancellor's decree and dismissed the suit. We granted certiorari and heard arguments at the recent term in Knoxville.

After considering the arguments of counsel, and the record, we are of opinion that the Court of Appeals, in their opinion prepared by Judge Clifford E. Sanders, correctly decided the suit and we adopt that opinion as our own. It is as follows:

"This suit was brought in the Chancery Court of Knox County seeking a mandamus to require the city school board to restore the Relator to a position in the echelon of command in the school system equal to one formerly held by him and to increase his salary commensurate with his duties.

"The parties will be referred to as Relator, Thomas R. Underwood, and Defendants, Dr. Olin L. Adams, Jr., Superintendent of Knoxville City Schools, Charles R. Burchett, Lewis S. Howard, J. W. Carty, Sarah M. Greene, John S. Humphreys, Howard Temple, Luther

Woods, Kenneth Bailes and Baynard Erskine, Knoxville Board of Education.

"The Relator was appointed to the position of supervisor of elementary education in the Knoxville school system in 1965 and was reappointed each succeeding school year, including the 1968-1969 term. His length of employment in this position had been sufficient to give him tenure under Section 178 of the Charter of the City of Knoxville, the pertinent part of which is as follows:

" 'Sec. 178. Same-Dismissal, demotion or change in position at reduced salary; reduction in number of employees; temporary employees.

" 'Neither the board of education, nor any member thereof, nor the Superintendent of Schools, nor any other official of the department of education shall have any right to dismiss, discharge, demote or change any employee made subject to civil service or permanent tenure by the provisions of this act, from one position or class to another position or class within the department of education or otherwise at a reduced salary, unless and until charges as specified hereinafter shall have been filed and sustained against such employee in the manner hereinafter provided; * * *.'

"According to the organizational chart of the school system, as in effect prior to April, 1969, the supervisor of elementary education was under the direct supervision of the assistant superintendent of instruction. Other positions in the system of equal status were supervisor of secondary education, coordinator of special education and supervisor of nurseries.

"In April, 1969, the school board decided to make some substantial changes in the organizational setup of the school system. Among the changes were the creation of the position of administrative assistant to the superintendent, the addition of two assistant superintendents, and the creation of the positions of director of secondary education and director of elementary education. The position of supervisor of secondary education was abolished, but the position of supervisor of elementary education was not abolished and the Relator still retains this position in the school system.

"Immediately after the reorganization setup was adopted, there was some confusion as to the position of the Relator and he was advised that his duties were being changed and that he would be in a different department. But this was corrected and the Relator was reassigned as supervisor of elementary education long before this suit was filed.

"Under the new organizational chart of the school system, the director of elementary education is under the direct supervision of the assistant superintendent of instruction and the supervisor of elementary education is under direct supervision of the director. The Relator is now one step further removed from the assistant superintendent than under the former organization plan.

"Although there have been some changes in the duties of the Relator under the reorganization, which he describes as a reduction in duties, there has been no reduction in his salary. As a matter of fact, he received an increase of approximately $700 per year.

"The purpose of creating the positions of directors of both elementary and secondary education was to up-

grade the school system. One of the minimum requirements for these positions is, among others, 'the doctorate degree or work beyond a master's with definite dates for completing the doctorate,' and these new positions will pay a salary ranging from $13,000 to $15,000 per annum, depending upon experience.

"Dr. Earl Henry, who was formerly supervisor of secondary education, and who meets the minimum requirements, was appointed director of secondary education. The record does not indicate that the Relator meets these minimum requirements for director of elementary education and that position has not been filled although the school board has been advertising for applicants with the leading universities throughout the country.

"The Relator filed his suit on the theory that the reorganization of the school system as now constituted amounts to his being demoted; that he should be placed in the position of director of elementary education and that his salary should be increased commensurate with that of the director of elementary education, and he seeks by his bill, as amended, to have the court, by mandatory injunction, require the board of education to so act.

"The Defendants filed a demurrer to the bill. The principal grounds, as now pertinent, are that Petitioner failed to allege any reduction in salary or other impairment of his tenure rights and that he is not, as a matter of law, entitled to an increase in salary.

"The Chancellor overruled the demurrer and Defendants filed their answer. The case was tried before The Honorable Len G. Broughton, Jr., Chancellor, after which he filed a memorandum opinion, finding the issues in favor of the Relator.

"In keeping with the memorandum opinion, a decree was subsequently entered in which the court decreed: (1) That an injunction issue requiring the Defendants to eliminate from the organizational structure of the board of education the position of director of elementary education. (2) Or, in the alternative, the Defendants are directed to appoint the Relator to the position of director of elementary education. (3) That the board of education fix the Relator's salary commensurate with the position of director of elementary education and this be reported to the court and if the court is not satisfied with the salary the court will redocket the case and determine the salary that the Relator should have been paid for the school years 1969-1970 and the salary that shall be paid for the school year 1970-1971. (4) Enjoined the Defendants from employing any person other than the Relator in the position of director of elementary education or in any way divesting or withholding from him any of the powers, authorities and responsibilities had or exercised by him in his capacity as supervisor of elementary education prior to April 7, 1969.

"The Defendants have perfected their appeal to this court and assigned errors.

"Defendants' assignments of error are as follows:

"'Assignments of Error No. 1. The Court erred in overruling the defendants' demurrer to the bill because the bill showed on its face that the Relator had not been dismissed, discharged, demoted, or changed from one position or class to another at a reduced salary, but rather the bill showed that the Relator's complaint was about transfer and failure to receive as large an increase as he wished.

" 'Assignment of Error No. 2. The Court erred in finding and holding that the alteration of the Relator's duties by the Board of Education was a demotion within the meaning of Section 178 of the Charter of the City of Knoxville. This was error for the reason that the pertinent section of the City Charter does not prohibit change in position or class except where the same involves a reduction of salary. There was no allegation or evidence that the Relator's salary had been reduced, nor was there any evidentiary basis for the Relator's allegation that he was entitled to particular salary increments by law.

" 'Assignment of Error No. 3. The Court erred by directing the defendants in the final decree "to eliminate from the organizational structure of the Board of Education the position of "Director of Elementary Education" so as to return the relator to a position as head of the elementary division of the Knoxville City School System, or in the alternative, * * * to appoint the relator to the position of Director of Elementary Education; * * * to revise the salary of the relator" and prohibit the defendants from "employing any person other than the relator in the position of Director of Elementary Education, or in any way divesting or withholding from him any of the powers, authorities, and responsibilities had or exercised by him in his capacity as Supervisor of Elementary Education prior to April 7, 1969".

" 'The foregoing is error for the reason that it inserts the Chancery Court directly into the management of the School System of the City of Knoxville and intervenes in a lawful discretionary function of that Board by guaranteeing that the Relator will for life or

good behavior have charge of the Department of Elementary Instruction in the City School System.'

"In our construction of Section 178 of the City Charter, we think that before an employee's tenure rights are violated through demotion or change from one position or class to another position or class, it must be accompanied with a reduction in salary and as long as there is no reduction in salary the school board is at liberty to make such changes as, in its discretion, it considers to be in the best interest of the school system. The substance of this section is: 'Neither the board of education * * * nor any other official of the department of education shall have any right to * * * demote or change any employee * * * from one position or class to another position or class * * * at a *reduced salary* * * * unless and until charges * * *.' (Emphasis ours)

"Relator, in his brief, insists that the words 'at a reduced salary' could not be applied to the words 'dismiss' (or) 'discharge' or the antecedent 'demote' since these three words are in the same series and 'demote' cannot be modified by the later words 'otherwise at a reduced salary.' He insists that the words 'at a reduced salary' must be applied solely to the word 'otherwise.'

"We cannot agree. Relator cites us to a number of cases which hold 'a statute must be construed as a whole, giving effect to each word.' *Anderson Fish & Oyster Co. v. Olds* [197 Tenn. 604], 277 S.W.2d 344; *Medic Ambulance Service v. McAdams*, 392 S.W.2d 103, 216 Tenn. 304; *Carter v. Jett*, 370 S.W.2d 576, 51 Tenn. App. 560; *Mayhew v. Mayhew*, 376 S.W. 2d 324, 52 Tenn. App. 459.

" 'Where words in statute seem in conflict with one another, statute should be construed as entirety with view to harmonizing all its parts, if practicable, and courts must lean in favor of construction which will render every word operative, rather than one which may make some words idle or nugatory.' *Day v. North Am. Rayon Corp.* [D.C.], 140 F.Supp. 490.

" 'In construing the statute, the whole is to be examined with a view to arrive at true intention of each part and effect is to be given, if possible, to whole instrument and to every section and clause.' *Tiger Creek Bus Line v. Tiger Creek Transp. Ass'n,* 216 S.W.2d 348, 187 Tenn. 654.

" 'It is not in accord with any rule of statutory construction to lift one sentence out from the statute and construe it alone, without reference to the balance of the statute.' *Rose v. Blewett,* 303 S.W.2d 709, 202 Tenn. 153; *State ex rel. Rector v. Wilkes* [222 Tenn. 384], 436 S.W. 2d 425.

"To apply the words 'at a reduced salary' to only the word 'otherwise' would be to lift it out of the statute and construe it without construing the entire statute.

"Had it been the intention of the legislature not to modify the words 'demote or change any employee from one position or class to another position or class' with the words 'at a reduced salary,' they doubtless would have said 'demote or change any employee from one position or class or reduce the salary of any employee * * * unless and until charges * * * '

"Nowhere in the court's memorandum opinion or in the final decree does he find that the Relator had a reduction in salary. The court held that the creation of the

position of director of elementary education and making the position of supervisor of elementary education subordinate to that position constituted a 'demotion' of the Relator in violation of his tenure rights. Neither does the Relator, himself, insist that he had a reduction in salary. His insistence and the insistence of the chancellor are that he should have an increase in salary commensurate with that of the director of secondary education.

"We think the assignments of error of the Defendants are well taken and are affirmed.

"The judgment of the trial court is reversed and the case dismissed. The cost of this appeal as well as the cost of the trial court are taxed to the Relator and the sureties on his cost bond."

DYER, CHIEF JUSTICE, CRESON and HUMPHREYS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.